## MARIA ANSHUTZ *vs.* PHILIP J. ANSHUTZ.

1. This court has *original* jurisdiction in the matter of alimony, *only* where the husband without any justifiable cause abandons his wife, or separates himself from her, or refuses and neglects to maintain and provide for her.

2. The abandonment or separation on the part of the husband, as well as the refusal to support the wife, must be charged in the bill and be sustained by the proof.

3. The court will not grant a writ of *ne exeat* against the husband, or an injunction to restrain him from alienating his property, upon the *mere apprehension* of an abandonment.

4. There may be a *constructive* abandonment or separation, while the parties continue under the same roof.

5. While the parties continue to live together, no measure of unkind or harsh treatment, which will not constitute valid ground for a divorce, will entitle the wife to alimony.

6. A bill for alimony independent of the statute, except as incidental to some other relief which may give the court jurisdiction, will not be entertained.

On motion to dissolve the injunction, and to set aside the writ of *ne exeat.*

*Parker*, for motion, cited 2 *Story's Eq. Jur.*, § 1422; *Nix. Dig.* 224, § 10; *Yule* v. *Yule*, 2 *Stockt.* 138; *Denton* v. *Denton*, 1 *Johns. Ch. R.* 364, 441; *Parker* v. *Parker*, 1 *Beas.* 105.

*Runyon*, contra, cited 2 *Story's Eq. Jur.*, § 1423; *Miller* v. *Miller*, *Saxton* 386.

THE CHANCELLOR. The bill is filed by a wife against her husband for alimony, for the support and maintenance of herself and her children. On filing the bill, a writ of *ne exeat* issued against the husband; and also an injunction to restrain him from removing his children, or from conveying away or disposing of his farm or other property.

The defendant having answered the bill, moves to set aside the writ of *ne exeat* and to dissolve the injunction.

The bill is filed solely for alimony. It is not asked for as incidental to any other relief. The first ground relied on in support of the motion is, that there is no equity in the bill, and that the case made does not justify a decree for alimony. The only case where the statute confers upon this court original jurisdiction in matters of alimony is where the husband, without any justifiable cause, abandons his wife or separates himself from her, or refuses and neglects to maintain and provide for her. *Nix. Dig.* 224, § 10.

The terms of the statute are too clear and explicit to admit of doubt, or to leave room for latitude of interpretation. There must be an abandonment of the wife, or separation from her without justifiable cause, and an omission to suitably maintain and provide for her, and the abandonment or separation on the part of the husband, as well as the refusal to support the wife, must be charged in the bill and be sustained by the proof. I had occasion to examine this question in the recent case of *Ware* v. *Ware*, and I was then satisfied, as I still am, that nothing short of an abandonment or separation will warrant the interference of the court. The decree in that case was opened mainly on the ground that the fact was not distinctly charged in the bill, nor satisfactorily established by the evidence. There may be an abandonment or separation within the sound construction of the act, while the parties continue under the same roof; as where the husband utterly refuses to have any

intercourse with his wife, or to make any provision for her maintenance. He may seclude himself in a portion of his house and take his meals alone, or board elsewhere than in his house, and thus as effectually separate himself from her and refuse to provide for her, as in case of an actual abandonment. But in whatever form it may exist, there must be an abandonment or separation by the husband from the wife. There is no such charge in the bill, nor in fact any charge that the husband refuses to maintain and provide for her. The material allegations of the bill are, that for as much as a year past the husband, without just cause or provocation, has been in the habit of treating her unkindly and addressing her with violent, insulting, threatening, and exceedingly profane language, and also refusing to provide the complainant and her children with such necessary clothing as to enable them to appear respectably, although possessed of abundant means for the purpose; and that for much of the time this last winter he has refused to speak to her and even to answer her when she addressed him; that during the last two or three months, she has been apprehensive of personal violence at his hands, and he is now, as the complainant has every reason to believe, and does believe, concluding his preparations to absolutely abandon her and her children, and to leave her and them without support, or the means thereof, and that he designs quickly to depart out of this state, with that view and for that purpose.

It is obvious that none of these charges bring the case within the purview of the statute. While the parties continue to live together no measure of unkind or harsh treatment, which will not constitute valid ground for a divorce, will entitle the wife to alimony.

There is no allegation of a neglect or refusal to support and maintain the wife. All the allegation in that behalf is, that he does not provide the complainant and her children such necessary clothing as to enable them to appear respectably. The case made by the bill is not within the provisions of the statute.

Nor will this court entertain a bill for alimony independent of the statute, except as incidental to some other relief which may give the court jurisdiction. Such was clearly the view of the master in *Miller* v. *Miller, Saxton* 386.

In *Yule* v. *Yule,* 2 *Stockt.* 138, Chancellor Williamson decided that, as a matter of principle, the court ought not, except in cases authorized by the statute, to decree alimony unless as incident to a decree for divorce.

And in *Corey* v. *Corey,* 3 *Stockt.* 400, the Chancellor, though he regarded it as unnecessary for the purposes of that case to decide the question, explicitly states that, as the law has been considered in this s,ate, the power of the court to grant relief is confined to the cases mentioned in the statute. In that case, relief was granted on the ground that the husband persisted in continuing a separation, of which the wife was the original cause, and that he neglected to provide for her a suitable support and maintenance. There was an actual separation and a failure to support the wife, which brought the case directly within the terms of the statute.

All the reported cases will, I think, be found to be brought within the statutory provisions; the bill charging an abandonment or separation by the act of the husband, without justifiable cause, and a neglect o provide for the wife.

The original jurisdiction of courts of equity to grant alimony as an independent ground of relief, is by no means clearly established. And where the authority is insisted upon, no broader grounds of relief appear to be relied upon than those presented by the statute of this state. 2 *Story's Eq.,* § 1422, 1423, *a.*

But it is urged that although no abandonment or separation has actually taken place, yet where the facts and circumstances show that there is a well grounded apprehension that the husband is about to abandon his wife, to dispose of his property, and to remove beyond the jurisdiction of the state, the court will interfere to prevent it. The bill is manifestly framed with a view to relief in this form, and it was mainly upon this ground that the writs of *ne exeat* and injunction

were issued.   But upon reflection, I do not perceive upon what principle this exercise of the power of the court can be sustained.   The court has no power to compel the parties to live together or to restrain a separation.  The wife has no right to the interference of the court for her maintenance until the abandonment or separation has taken place.   The writs were not issued to protect any subsisting right or interest of the wife, but on the mere ground of apprehension on the part of the wife that a right might thereafter be created which would entitle her to protection.   If the writs are continued and the husband thereby prevented from leaving the state or disposing of his property, it is clear that the wife cannot have a perpetual injunction or any other relief upon the merits of her case.   The case made by the bill affords no ground for the interference of the court.

If the case, as presented by the complainant's bill, could admit of any doubt, it would be effectually dispelled by the answer.   It fully and explicitly denies all intention or purpose on the part of the defendant, of abandoning his wife or of failing to furnish her support and maintenance.   And while it admits many of the facts and allegations contained in the bill, it shows that they are clearly reconcilable with his rights and duties as a husband and a father, and exhibits in a strong and clear light the danger and inexpediency on the mere ground of apprehended wrong, of any interference with the exercise of the rights of the husband to control and manage his affairs as shall appear to himself best and most for his own interest.

The injunction must be dissolved, the writ of *ne exeat* discharged, and the bill dismissed.   The decree will be made without costs as against the wife.