HARRIET MARGARUM

*v.*

HENRY MARGARUM.

[Filed October 15th, 1898.]

1. This court has no jurisdiction, under its general equity powers, to make a decree for the support of a wife because of her husband's failure to maintain her.

2. To give this court jurisdiction to decree such 'support, under section 20 of the Divorce act (*Gen. Stat. p. 1270*), there must be an abandonment of the wife by the husband, or separation from her by his voluntary act, or circumstances equivalent thereto, and also a neglect or refusal on his part to support her. Both these conditions must exist to give this court jurisdiction.

On bill, answer and proofs.

*Mr. John Meirs*, for the complainant.

*Mr. Samuel A. Atkinson* and *Mr. Charles E. Hendrickson*, for the defendant.

GREY, V. C.

The bill is filed by a wife, alleging abandonment and non-support by the defendant husband.

In order to vest this court with jurisdiction it must be shown, first, that the husband abandoned or separated himself from the wife, and secondly, that he refused or neglected to support her.

Both of these conditions must exist under section 20 of the Divorce act (which alone vests this court with jurisdiction in cases of this character) to justify an application to compel the husband to pay an allowance for the support of the wife.

The condition of abandonment must necessarily be the husband's act; the wife cannot abandon the husband and then invoke the aid of the statute to secure support from him.

If his conduct is so violent as to endanger her life and he thus compels her to go away, that is in law an abandonment by him.   In such a case, so far as there is a separation of the husband and wife, it is his act, and consequently the decisions hold that in cases of that character, when the husband compels the wife to leave by cruel treatment, that is his abandonment. *Maas* v. *Maas, 7 Stew. Eq. 113.* It is his own separation, and his conduct is such that it is clear that he had a mental purpose or willingness to separate, or he would not have driven her away. In that case jurisdiction was taken notwithstanding the husband did not go away from the place of residence.   So abandonment may be effected even if the parties lived in the same house, where the husband excluded the wife from his room and persistently refused her access to him.   *Anshutz* v. *Anshutz, 1 C. E. Gr. 164.*

A wife is entitled to share her husband's bed and room, and if he refuses to allow her to come to his bed and room, or treats her with such cruelty that she reasonably fears to go there, that is abandonment on his part, because he is the creator of the condition of separation.

In addition to the allegation and proof of abandonment the statute requires as a jurisdictional fact that the husband must refuse or neglect to support the wife.   But if he never so wrongly refuses or neglects to support her, unless he also abandons her, jurisdiction under this statute does not attach.   A husband who is a loafer and a good-for-nothing, may, if he chooses, make himself a burden upon his wife, and refuse to leave her, and refuse also to support her, but under this statute there is no relief for the wife.   The statute does not contemplate relief upon mere refusal to support, and even if this is actually established, there must also be abandonment or separation by the husband as above stated, in order to meet the requirement of the act.

In this case this husband undertakes to show (and there is a great deal of evidence to support his testimony) that he was financially quite incapable, and that he never had much earning power.   He was accepted by this woman for better, for worse. It happens to have been for worse, and he is unable to support

Margarum *v.* Margarum.

her; but that is no reason why she should have a compulsory order upon him to force him to support her. Nor does his poverty deprive him of any of the rights of a husband, and one of those is, if the wife lives in a house, to share it with her. He has a right to live with her, and if she compels him to live somewhere else by driving him away, she cannot enforce as against him any of the marital rights which are secured to her by section 20 of the Divorce act.

The testimony as to abandonment, even of the wife herself, seems to be very clear that there was no abandonment or separation by the husband, at all. It is quite plain that this man wanted to live with the woman, and that she did not want him, because he did not support her, and she had no regard for him, and if he could not do as she thought he ought, namely, earn enough money to support her and take care of her, she did not want him. She flatly swears that she told him to "get out." He states that she reinforced this order with a broomstick. But the husband had a right to live with her, even if he did not support her.

The statute does not contemplate a situation where the wife drives the husband away, and then applies under its provisions for support. The marital relation secures to each party a right to the society, aid, comfort and services, of the other. We all know of thousands of instances where the wife has undertaken and carried the husband through many difficulties, and in this she is simply fulfilling her wifely duty. No wife may say to her husband, "if you do not support me you shall not live in my house—get out; I will then file a bill against you and compel you to support me or go to jail." That is not the law.

The statute which this woman has invoked requires a mental condition of the husband of willingness to separate from the wife, resulting in some act, on his part, of abandonment or separation from his wife. If he does no act of abandonment and separates from his wife unwillingly, and by her direction and because of her act, there is no jurisdiction in this court to compel him to support his wife, either under section 20 of the Divorce act, or under its general equity powers.

I will advise a decree dismissing the bill.