This is an action to recover personal property, the plaintiff claiming to be the owner thereof under a chattel mortgage, executed by the defendant Person on 18 February, 1911, to secure $210, of which $160 was the purchase price of a mule and $50 for supplies to be furnished.
The defendant admitted the execution of the mortgage, but denied that he was indebted to the plaintiff. He alleged that on the day the chattel mortgage was executed, the plaintiff rented him a farm known as the Rhodes place, for the year 1911, by written lease, and agreed to *Page 238 
furnish him four tons of guano and $50 in supplies; that he entered into possession of the Rhodes place and did work thereon in preparing the crop of the value of $60; that within about sixty days after he entered into possession of said land the plaintiff, without cause, seized the mule and guano he had sold to him, took possession of the land, and prevented him from cultivating the crop.
The plaintiff admitted the execution of the lease, subject to an objection as to its competency. The plaintiff testified "that shortly after the rental contract, of date 18 February, 1911, and during the latter part of the month of March or the first of April, in 1911, one of Person's mules died, and that the plaintiff took possession of the mule he had sold to Person for $160, retained the same and sold the mule to another party and retained the purchase price thereof, and also retook from the defendant Person all the guano which the plaintiff had delivered to the defendant Person under the rental contract; that the plaintiff at said time rented the Rhodes place to another party by the name of Thomas, and that Thomas cultivated it during the year 1911; that prior to this time and after the rental contract had been made with the defendant Person, Person had done considerable work in preparing the lands (293) known as the Rhodes place rented to Person for cultivation in cotton. Plaintiff testified that he did not claim anything from the defendant Person in view of this conduct, except the sum of $39.95, covering the items advanced Person for supplies to make the crop on the Rhodes place prior to the plaintiff's retaking the mule and fertilizers and placing the Rhodes place in possession of another tenant, Thomas."
The plaintiff offered evidence tending to prove that the supplies he furnished were of the value of $39.95, while the evidence of the defendant was to the effect that they were worth $28.85. The defendant also offered evidence as to the work done by him.
The jury returned the following verdict:
1. In what amount, if any, is defendant indebted to plaintiff on account of advancements? Answer: $39.95.
2. What was the value of the labor done by the defendant on Rhodes place under the contract of leasing? Answer: $45.
Judgment was rendered in favor of the defendant, and the plaintiff appealed, assigning the following as errors:
(1) That the court erred in admitting the contract of rental entered into between the plaintiff and the defendant Emanuel Person, dated 18 February, 1911, introduced as evidence, as shown in the record.
(2) That the court erred in admitting the evidence of W. M. McLaughlin, in answer to the question as to what was the reasonable value *Page 239 
of the work that Emanuel Person had done on the Rhodes place at the time he quit, as shown in the record as the second exception.
(3) The court erred in sustaining the objection of the defendants to the question asked the witness C. B. Fry, as to what was the expense of keeping the mule that the plaintiff retook from the defendant Person before the plaintiff sold said mule, as shown by the record.
(4) That the court erred in sustaining the objection of the defendants to the question asked the witness C. B. Fry, regarding what the plaintiff obtained for the mule he retook from the defendant Person at a sale of the mule, as shown on the record.
(5) That the court overruled the motion of the plaintiff to set (294) aside the verdict of the jury, as shown in the record.
(6) That the court erred in rendering the judgment appearing in the record.
The plaintiff, upon his own admissions, entered upon the land he rented to the defendant in violation of his contract, and failed to furnish the guano, as he had agreed to do.
This gave to the defendant a right of action to recover damages for the breach (Barneycastle v. Walker, 92 N.C. 201; Herring v. Armwood,130 N.C. 181), and it was necessary and relevant to introduce the contract and to prove the value of the services, as an element of damage.
We are unable to see any theory upon which the plaintiff can charge the defendant with the expense of keeping the mule, as he admits he seized it before his mortgage was due, and when there was, so far as the record discloses, no semblance of an excuse for doing so.
The sixth assignment of error presents the question of the sufficiency of the verdict to sustain the judgment, in the absence of a finding that the plaintiff broke the contract, and it would not be free from difficulty but for the admission by the plaintiff of facts which clearly constitute a breach.
We find nothing in the record of which the plaintiff can complain. The defendant was allowed to recover only one item of actual damage, when he might reasonably have claimed others, and in some aspects of the evidence it may be that he was entitled to have an issue submitted as to punitive damages.
No error. *Page 240 
(295)