Virginia Mae Shockey, petitioner-appellant,

*v.*

Harry Paul Shockey, defendant-respondent.

[Argued October 26th, 1932.  Decided January 31st, 1933.]

*Messrs. Harcourt & Steelman,* for the appellant.

The opinion of the court was delivered by

Wells, J.

This is an appeal by the petitioner in a divorce suit from a decree of the court of chancery dismissing the petition on the advice of the advisory master.

The special master, to whom the reference was made, reported that a decree for divorce should be made on the ground of desertion, in accordance with the prayer of the petition.

The advisory master, in a short memorandum, said: "The evidence clearly indicates that petitioner left defendant on December 7th, 1924, because, as she states, he did not properly provide for her.

"Improvidence is not recognized as a cause for divorce.

"Petitioner has failed in her proof, and therefore is not entitled to the relief sought."

A careful examination of the evidence in this case, which was uncontested, convinces us that the advisory master properly advised a decree of dismissal.

The parties were married April 21st, 1923, and a child was born July 6th, 1923. After their marriage, for a period of about six months they lived together at the home of petitioner's mother in Atlantic City, and then for about a year thereafter, continued to live together at Pleasantville and Linwood, New Jersey, until October, 1924, when they moved to a house in Ocean Heights, Somer's Point, New Jersey. In October, 1924, while living at Somer's Point, defendant, who was an upholsterer, lost his position. From the time of the marriage until then, he had worked steadily and supported his family. About two months after defendant lost his position, the petitioner took her child, left home and went to live with her mother at Atlantic City. No testimony was offered as to the facts and circumstances concerning the wife's departure. The evidence fails to disclose what was said or done by either party at or about the time of the separation. Whether the defendant was home or away at the time his wife left does not appear.

In reply to the question what happened on December 7th, 1924, the petitioner replied: "On December 7th, 1924, I just packed up a few things and left and went to my mother's."

She was asked, "why did you leave?" and answered, "for two months at least he had refused to get work and I left for that reason."

She said that her husband had several opportunities to go to work but didn't go.

She said that her husband at times brought in "certain amounts of food" but not sufficient for her and her child to live upon and that she and her mother were compelled to buy food—that she had a small checking account and was drawing that out as they needed it for different kinds of food—that there was wood in the house but no coal and the weather was freezing and her husband was not providing fire to heat the house for her and the baby.

In reply to the question, "what reason did your husband give you for not making provision for yourself and baby?" she said, "he gave me no reason at all. I know he had plenty

of opportunities to get good positions but he even refused to go there and see about them. He just acted foolish."

By 'these casual statements, given without the recital of any details as to the positions offered and refused, or as to the earning capacity of the defendant, and without a word about his treatment of her and their child, she seeks to establish a constructive desertion as the grounds for her divorce.

Vice-Chancellor Backes in *Paxton* v. *Paxton, 98 N. J. Eq. 476* (in which he cites many authorities), very aptly said: "Failure to support, or failure to provide a separate home, without more, does not constitute a constructive, willful, continued and obstinate desertion on the part of the husband. If he has the means and ability, it is his duty to provide both, and failure, under some circumstances, may spell desertion, as, for instance, where it appears that the failure to support is intended to drive the wife away."

It has frequently been decided by the court of chancery that "a deliberate refusal of the husband to provide for the payment of rent and for actual necessaries of life for the wife in consequence of which she is compelled to separate from him, constitutes constructive desertion on his part." *Hahn* v. *Hahn, 93 N. J. Eq. 296; Mountford* v. *Mountford, 94 N. J. Eq. 627.*

There is no evidence in the instant case of any personal violence or brutal treatment or even of an unkind word or act on the part of the defendant toward his wife, and nothing whatever to indicate that his failure to support his wife in the way she thought he should was intended to drive her away.

There is nothing suggestive of a *deliberate refusal* of the husband to provide the wife with the necessities of life such as the cases require to constitute constructive desertion.

The words of Chancellor Zabriskie, in *Palmer* v. *Palmer, 22 N. J. Eq. 88, 91,* fit the present case perfectly. He said: "There may be cases, no doubt, where a willful and malicious refusal by a husband to permit a wife, who is discharging her own duties, to share with him such means of support as he may have, may be held to be an expulsion from his house and constitute a desertion. But the meagre disclosure of facts

and circumstances in this case falls very far short of warranting such conclusion here."

We are of the opinion that the decree of the court of chancery dismissing the petition for divorce should be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BROGAN, HEHER, HETFIELD, WELLS, KERNEY, JJ. 9.

*For reversal*—LLOYD, BODINE, KAYS, JJ. 3.