Rose Fehmel, petitioner-appellant,

*v.*

George W. Fehmel, defendant-respondent.

[Argued February term, 1935. Decided May 17th, 1935.]

*Mr. Harry Unger,* for the appellant.

The opinion of the court was delivered by

Hetfield, J.

The appellant filed her petition in the court of chancery for divorce from her husband on the grounds of desertion. The action was undefended and heard before the advisory master *ex parte.* · He found upon the proof, that the petitioner had failed to show a willful, obstinate desertion on the part of the husband, and also that he disbelieved much of the testimony submitted on the petitioner's behalf.

The question presented on appeal is solely a factual one. Our examination of the evidence has led us to the conclusion that the ruling of the advisory master, who saw the witnesses and heard the testimony, was proper and do not think it should be disturbed. It appears from the testimony that the parties were married June 3d, 1925, and lived together until January 21st, 1932, when the desertion is alleged to have taken place. At the time of the marriage, and for some time

thereafter, the husband was employed by the Griffith Piano Company, and petitioner does not complain about his treatment of her until after he had lost this position, after which he was unable to obtain any permanent employment. He had several positions, but did not seem to be able to hold any one of them for any length of time, and it became necessary, in order to maintain the home, for the petitioner to obtain employment, which she did at a salary of $25 a week. She testified that he did not make any serious effort to obtain new employment, and that on several occasions he would bring friends to the house for the purpose of gambling with cards. The defendant, on many occasions, would go away and stay for a week or over week-ends, but whether or not these trips were made for the purpose of obtaining employment, does not appear. On the day when the desertion was alleged to have occurred, the parties had an argument over the fact that he had not as yet obtained employment, and he was still in bed when she left for business at eight-thirty A. M. During the course of the discussion, the defendant remarked that he was "getting out of this damn place." When the petitioner returned from her work that evening, she found that the defendant had left the home, taking a small bag, one suit of clothes other than the one he was wearing, and some linen, but left considerable of his wearing apparel at the house. The petitioner had a friend by the name of Ina Beatson stay with her from that date to February 1st, at which time she stored the furniture and went to live with Miss Beatson at the latter's brother's home, where they remained until August 1st, 1932, when petitioner removed her furniture from storage and engaged an apartment jointly with Miss Beatson. During the time the defendant was away from home, he sent several postal cards to the petitioner requesting that she forward him money, as he had nothing to eat, which she did. All of the postals were mailed from western states. The petitioner next saw the defendant in the latter part of August, 1932, at her mother's home, and he seemed surprised that she was living elsewhere than at their former residence. He stated that he had gone away because

he did not feel he wanted to hang around when he was not working. The defendant then expressed a desire to again live with his wife, and stated that he would be willing to have Miss Beatson board with them. The petitioner replied that she would not live with him unless he obtained a position and earned sufficient money to support her so that she might stay at home. The defendant then left and there was no further discussion between the parties. The petitioner did not invite him to remain for dinner, or to make a further stay. It does not appear that either party has shown any inclination since that time to live with the other. The evidence shows that in December, 1933, the defendant sold a sewing machine which the parties purchased while they were living together, and forwarded the petitioner $25 of the proceeds from the sale, and in a letter dated December 21st, 1933, wherein he addressed his wife as "Dear Rose," he stated, among other things:

"Being unable to get up to your folks again before Christmas I am sending it this way in order that you may have the use of it before Christmas."

This letter was dated approximately a year and four months after the defendant had first returned, and from the wording, one might infer that he had made other visits to the petitioner's family since that time, but there is no evidence to that effect. There is no proof to show that the defendant has been able to meet the ultimatum made by the petitioner, to the effect that she would not live with him until he had obtained the proper kind of position, so that it may be for that reason that he has made no advances to return. This court, in the case of *Hall* v. *Hall, 60 N. J. Eq. 469,* held that where it is manifest that .an honest effort by the husband to bring the separation to an end would be unavailing, the duty of making it ceases to exist.

The petitioner's proofs might warrant a finding that the defendant was shiftless and lazy, with little or no ambition, but we find no evidence that would support the charge of willful and obstinate desertion. While on this occasion the

defendant remained away from home for a long period of time, it was not the first time that he had absented himself for several days or even weeks, yet the petitioner broke up the home after he had been away for a period of ten days, which might indicate that she had determined not to live with her husband again, and that the separation was not against her will. She instituted the present proceedings nine days after the two-year period of desertion had expired. Our courts have repeatedly held that where a husband fails to provide a sufficient support, or even any support for the wife, through incapacity for business, or indolence, such failure will not in itself constitute a willful and obstinate desertion by the husband. *Palmer* v. *Palmer, 22 N. J. Eq. 88; Paxton* v. *Paxton, 98 N. J. Eq. 476; Hague* v. *Hague, 84 N. J. Eq. 674,* and *Shockey* v. *Shockey, 112 N. J. Eq. 370.*

We are of the opinion that the court's decree of dismissal should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 11.

*For reversal*—LLOYD, DONGES, JJ. 2.