MARGARET RODIE, complainant-respondent,

*v.*

FRANK RODIE, defendant-appellant.

[Submitted May 31st, 1946.   Decided September 13th, 1946.]

*Messrs. Burke, Sheridan & Hourigan,* for the appellant.

*Messrs. O'Regan & Schlosser,* for the respondent.

PER CURIAM.

This is an appeal from an order of the Court of Chancery directing the defendant-appellant husband to pay to his wife support *pendente lite* in the sum of $40 per week and a counsel fee of $750.   The wife filed her bill for maintenance and therein alleged a course of conduct upon the part of the husband which, if true, would amount to constructive desertion, cruelty and there is also a suggestion of adultery.

The parties are still living in the same house, although admittedly they have not lived as man and wife for ten years, and the contention of the appellant is that the wife has not presented a case which comes within the terms of the statute,

*R. S. 2:50–39,* which provides that an order for support may be made "if a husband without justifiable cause shall abandon his wife or separate from her, and refuse or neglect to maintain and provide for her." The contention is that there has been neither an abandonment nor a separation, since the parties are living in the same house, and therefore the statute has no application.

It has been settled that there can be a desertion of one spouse by the other, entitling the deserted one to an absolute divorce, even though they still occupy the same household. *Rector* v. *Rector, 78 N. J. Eq. 386.* Likewise, it may be possible for an abandonment, in the statutory sense, to be accomplished without actual separation, because the statute says "abandon his wife *or* separate from her," so obviously abandonment and separation, as used in the statute, are not synonymous. A husband conceivably might continue to occupy a room in the family household but refuse to supply his wife with food, clothing or other necessities of life, in which situation, although there was no actual separation, there would be in effect an abandonment.

The order appealed from is one for temporary maintenance pending the hearing of the case on the merits. The averments of the wife's affidavits, although controverted, form sufficient basis for the allowance made and the amount, in view of the allegations concerning the husband's means and his admission as to his available assets, is not unreasonable.

The order is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.