Defendant appeals from an order of the Juvenile and Domestic Relations Court of Bergen County, under date of November 4, 1948, denying his motion to vacate an order of said court, dated February 19, 1948, and, on motion of plaintiff-respondent, ordering defendant to "make payment of any delinquent balances due under said order of February 19, 1948, by November 11, 1948."
There is nothing in the record before us, except the petitions of plaintiff and the orders above referred to. From these orders it appears that appellant was making weekly payments for the support of his wife and two sons, aged 7 1/2 years and 5 1/2 years in the sum of $30, but the wife sought more and the court, on February 19, 1948, ordered payment to the Chief Probation Officer of "$37.50 per week, Thirty-five Dollars of which is for food for the family —
"Two Dollars and Fifty Cents ($2.50) of which is for clothing for the wife.
"Julian De Sena to purchase the clothing for the two minor children himself. (Probation Office to check with wife to find what arrears are owing on former direct order of this Court.)"
Further, by the order of the court below, dated November 4, 1948, it is stated that "petitioner and defendant were on October 28, 1948, residing together in the same common household which fact was found by the court on testimony taken in open court."
In Frank v. Juvenile and Domestic Relations Court of theCounty of Essex et al., 137 N.J.L. 364 (Sup. Ct. 1948), it was said:
"Plainly, the statute has in view actual abandonment or desertion and a failure of support as jurisdictional prerequisites in a wife's action for alimony" citing cases. *Page 381 
In the instant case, it appears that, as of October 28, 1948, appellant was residing with respondent and his children. We conclude, therefore, that the denial of the motion to set aside the order of February 19, 1948, should be affirmed, but that the denial to set aside the operation of the order after October 28, 1948, should be reversed and set aside, by reason of the parties living together.
This results in an affirmance of the order of November 4, 1948, effective until October 28, 1948, and a reversal of said order from and after October 28, 1948.