36 N.J. Super. 447 (1955)
116 A.2d 481
MILDRED CARAVELLA, PLAINTIFF-RESPONDENT,
v.
PAUL CARAVELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 13, 1955.
Decided July 13, 1955.
*449 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Emanuel N. Silberner argued the cause for plaintiff-respondent (Mr. Samuel R. Blaine on the brief).
Mr. Harry Schaffer argued the cause for defendant-appellant (Mr. Joseph Solimine, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The Essex County Juvenile and Domestic Relations Court found that the defendant and plaintiff here, husband and wife, were living apart by consent. Nevertheless it ordered him to pay her a stated amount a week for her support. He appeals.
The issue we deal with principally is whether in a case of a consensual separation, N.J.S.A. 2A:4-18 gives the court concurrent jurisdiction with the Superior Court to provide for the support of the wife  a jurisdiction, incidentally, which the Superior Court derives entirely from N.J.S.A. 2A:34-24. Richman v. Richman, 129 N.J. Eq. 114, 116, 118 (E. & A. 1941). In general see Peff v. Peff, 2 N.J. *450 513, 525 (1949); cf. Turi v. Turi, 34 N.J. Super. 313, 320 (App. Div. 1955), and cases cited. This question as to the effect of N.J.S.A. 2A:4-18 was not raised below. But the wife makes no point of that here. Besides, the issue goes to the court's jurisdiction. Morin v. Becker, 6 N.J. 457, 460 (1951).
The stress of the wife's argument is laid upon clause b and the italicized portion of clause c of N.J.S.A. 2A:4-18:
"The juvenile and domestic relations court shall also have jurisdiction concurrently with such other courts as may have jurisdiction over the matter, to hear and determine in a summary manner disputes and complaints:
a. Involving the domestic relation or the welfare of children, as to which jurisdiction is vested in any court except the superior court or except with respect to the adoption of children or adults.
b. Involving matters of support or temporary custody of children as to which jurisdiction is vested in the superior court.
c. Involving violations of subtitle 12 (disorderly persons law) of this title (§ 2A:169-1 et seq.), and chapter 1 of Title 44, Poor (§ 44:1-1 et seq.), chapter 6 and chapter 17 of Title 9, Children (§ 9:6-1 et seq., and § 9:17-1 et seq.), and article 4 of chapter 5 of Title 30, Institutions and Agencies (§ 30:5-33 et seq.), of the Revised Statutes, together with any other laws or future enactments covering similar complaints or offenses, where the gravamen of the complaint under such laws or enactments is the failure or neglect of 1 member of the family to satisfy or discharge his legal obligations to another member of the family. [Italics added.]

* * * * * * * *
e. Involving the domestic relation, where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family.
f. Involving the domestic relation, where a husband or father forces his wife or child to leave the home because of his cruel and inhuman conduct, in which case the court may provide by appropriate order for their support and maintenance."
We deal first with the words "matters of support" appearing in clause b. The wife argues that these words apply to the support of wives as well as children and indeed confer upon the court the authority given to the Superior Court by N.J.S.A. 2A:34-24 to award support in the case of a consensual separation. It might be observed that the Superior Court's authority in this regard is said to rest (see *451 Richman v. Richman, 129 N.J. Eq. 114, 116 (E. & A. 1941), supra), upon that provision of N.J.S.A. 2A:34-24 which we have italicized below:
"2A:34-24. If a husband, without justifiable cause, shall abandon his wife or separate himself from her and refuse or neglect to maintain and provide for her, the [Superior Court  see N.J.S.A. 2A:34-8] may order suitable support and maintenance to be paid and provided by the husband for the wife and her children, or any of them, by their marriage, or to be made out of his property * * *."
The wife's argument is unpersuasive. It is hardly to be supposed that clause b of N.J.S.A. 2A:4-18, expressly referring to children, was intended to deal with wives also, but without mentioning them  indeed without even any reference to the "domestic relation" such as appears in the phrase which introduces clauses a, e and f. Besides, the specificity of the provisions of N.J.S.A. 2A:4-18e and f hardly indicates that the Legislature thought that the words "matters of support" (N.J.S.A. 2A:4-18b), are to be equated to N.J.S.A. 2A:34-24. In fact the wife's whole argument here, presupposing an extraordinary casualness in draftsmanship, gives to clause b a forced construction.
The weakness of her argument becomes plainer, the further one looks into the matter. It was held under a predecessor statute (R.S. 9:18-14 as amended by L. 1946, c. 77) that a jurisdictional prerequisite to a wife's action for support in a Juvenile and Domestic Relations Court was "actual abandonment or desertion." See Frank v. Juvenile, etc., Court of Essex County, 137 N.J.L. 364, 368 (Sup. Ct. 1948), holding the court to be without jurisdiction in the case of a constructive desertion; De Sena v. De Sena, 4 N.J. Super. 379 (App. Div. 1949), where the spouses continued to live in the same household; cf. Bonanno v. Bonanno, 4 N.J. 268, 273 (1950), saying the court has jurisdiction with respect to the support of a "deserted" spouse. Under that statute obviously a consensual separation, such as here, would not have sufficed. The next version of this statute (L. 1950, c. 337  for present purposes, the same as the law today, N.J.S.A. 2A:4-18) was drawn in part in order to supersede *452 the Frank case with respect to a constructive desertion brought about by cruel and inhuman conduct. See N.J.S.A. 2A:4-18f; as to e, see the De Sena case. Still, notwithstanding that the Frank and De Sena cases were obviously then in view, no recognizable attempt was made in clause b or elsewhere to give the court jurisdiction in a case where there was no desertion.
Enough has been said as to the wife's argument concerning clause b of N.J.S.A. 2A:4-18.
We turn, then, to clause c. In that clause the court is given jurisdiction with respect to certain enumerated statutes 
"together with any other laws or future enactments covering similar complaints or offenses, where the gravamen of the complaint under such laws or enactments is the failure or neglect of 1 member of the family to satisfy or discharge his legal obligations to another member of the family" (italics added).
This provision appeared almost verbatim in the 1946 law, above cited, and was considered in Frank v. Juvenile, etc., Court of Essex County, 137 N.J.L. 364 (Sup. Ct. 1948), supra. (We need not stop to discuss prior cases dealing with similar prior laws.) It was clearly the view of the court in Frank that the word "laws," above italicized, cannot be taken to include N.J.S.A. 2A:34-24. That being so, it is difficult to see how this same provision, through mere repetition in L. 1950, c. 337 (amending R.S. 9:18-14) and also in N.J.S.A. 2A:4-18, can now be said to embrace that statute. As above stated, the Legislature in drawing the 1950 act, had the Frank case before it. The amendment then prepared, insofar as it superseded the Frank case, is quite pointed (see N.J.S.A. 2A:4-18e and f); and clearly no effort was made to incorporate into clause c, by reference, the provisions of N.J.S.A. 2A:34-24.
The fact that clause c has been held to refer to the Uniform Desertion and Nonsupport Act, State on Complaint of Bruneel v. Bruneel, 14 N.J. 53 (1953), State v. Savastini, 14 N.J. 507 (1954), and the further fact that there are some *453 broad definitions in N.J.S.A. 2A:4-30.2, are beside the point. Indeed we think the whole matter is sufficiently clear that we need not consider what are, and what are not, complaints or offenses "similar" (see clause c quoted above) to those involving the "violations" specifically referred to in N.J.S.A. 2A:4-18c.
We have given some consideration to the law in other states with respect to maintenance in a case of a consensual separation. See note 10 A.L.R.2d 466, 478, 479 and (as to the New York Domestic Relations Court Act) 550; 42 C.J.S., Husband and Wife, § 611, p. 205. See also 3 Nelson, Divorce and Annulment 384, 392 (2nd ed.) as to the effect of a separation agreement. But we have so little to go by here, it would be idle to speculate on the legislative policies underlying the failure to provide in N.J.S.A. 2A:4-18 for a separation by consent. The case simply comes down to this: the Legislature has not indicated an intention to confer upon the court the full authority contained in N.J.S.A. 2A:34-24.
However the fact that jurisdiction over the subject matter lies, not in the court below, but in another court in the state, is not as serious a matter as it once was. R.R. 1:27D (the words "of this State," appearing in the rule, we construe as meaning "in this state"). Under R.R. 1:27D(b), we may deal with the case as though it had been brought in the court (the Superior Court) authorized to act under N.J.S.A. 2A:34-24.
It is not necessary to mention any other point raised by the husband, except one, which we think is well taken, namely, that there was no proof below as to the needs of the wife. Her needs constitute one of the factors which should be considered by a court when fixing the amount of an award in a case of separate maintenance. Bonanno v. Bonanno, 4 N.J. 268, 274 (1950), supra; Walsh v. Walsh, 88 N.J. Eq. 368, 369 (Ch. 1917), affirmed 88 N.J. Eq. 369 (E. & A. 1917); Turi v. Turi, 34 N.J. Super. 313, 323 (App. Div. 1955), supra; R.R. 6:5-4(b).
*454 If the wife wishes to have this case remanded to the Superior Court, Chancery Division, pursuant to R.R. 1:27D, she will present (or make an application to present) a special form of mandate within ten days of the filing of this opinion. The mandate should state that the remand is made for the taking of proof as to the wife's needs and the fixing of the amount of support, and for such other proceedings as the Superior Court deems advisable. It should also direct: the wife to amend her complaint so as to set forth therein a cause of action based on a consensual separation; the Clerk of the Juvenile and Domestic Relations Court to transfer to the Clerk of the Superior Court the record and papers on file in the case, see R.R. 1:27D(a); and (under the circumstances here) the fees fixed by R.R. 4:98-1(d) and N.J.S.A. 22A:2-12 to be paid to the Clerk of the Superior Court.
If such a mandate (or application) is not presented within the time stated, the Clerk will enter the usual form of mandate on a reversal.