43 N.J. Super. 111 (1956)
127 A.2d 893
VIOLA MATTOX, PLAINTIFF-RESPONDENT,
v.
CLINTON MATTOX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1956.
Decided December 17, 1956.
*113 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Leslie H. Cohen argued the cause for plaintiff-respondent (Mr. Jack Wildman, attorney).
Mr. Perry E. Belfatto argued the cause for defendant-appellant.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Appeal is taken from an order of the Essex County Juvenile and Domestic Relations Court upon the ground that the court did not have jurisdiction to enter the order.
Clinton Mattox and Viola Mattox, husband and wife, live together in the same household, but he has (as we understand the findings of the court below) willfully failed to *114 provide her with food. The court in fact found "that the only basic support the husband gave his wife was shelter." It was also found that she had worked most of her married life and was, at the time of the hearing, earning $37 a week. In the order appealed from, the court, reciting its reliance on N.J.S. 2A:4-18(e), adjudged:
"that defendant [the husband] deserted his wife so far as supplying her with food is concerned and * * * that he pay her $10.00 [per] week for food."
The question, presented to us, turns on N.J.S. 2A:4-18(e), which provides:
"The juvenile and domestic relations court shall also have jurisdiction concurrently with such other courts as may have jurisdiction over the matter, to hear and determine in a summary manner disputes and complaints:

* * * * * * * *
e. Involving the domestic relation, where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family." (Italics added)
The question is whether a willful failure to provide food constitutes a desertion within this statute. Clearly it would not, of itself, constitute a desertion under the divorce law of this State. Fehmel v. Fehmel, 118 N.J. Eq. 294, 297 (E. & A. 1935); Shockey v. Shockey, 112 N.J. Eq. 370, 372 (E. & A. 1933); Annotation, 150 A.L.R. 991. To make out a desertion in that connection, there must be some additional circumstance, as for instance, that the husband, having the means, refused to support his wife in order to drive her away. Paxton v. Paxton, 98 N.J. Eq. 476 (Ch. 1925).
But, apart from the divorce law, the word, desertion, has other connotations. Thus, it may denote a willful abandonment of a duty. Lea v. Lea, 8 Allen 418, 90 Mass. 418, 419 (Sup. Jud. Ct. 1864); Stoneburner v. Theodoratos, 30 P.2d 1001, 1003 (Cal. App. 1934); Johnson v. Strickland, 88 Ga. App. 281, 76 S.E.2d 533, 535 (Ct. App. *115 1953); 26A C.J.S. p. 861; Black's Law Dictionary (4th ed.); cf. McComas v. Glendinning, 59 Ga. App. 234, 200 S.E. 304, 305 (Ct. App. 1938). It is true that the Legislature, in N.J.S. 2A:4-18(e), does not, in terms, speak of a desertion of a duty; it refers to a desertion of a wife or children. However it attaches to the statute a further clause, namely, "even though" the parties "continue to live in the same household." Does this clause indicate an intention on the part of the Legislature to give to the juvenile and domestic relations court jurisdiction to award support where the desertion consists of a willful abandonment merely of the duty to support?
A juvenile and domestic relations court is a statutory court whose jurisdiction is "strictly" limited to the subject matter set forth in the statute. State on Complaint of Bruneel v. Bruneel, 14 N.J. 53, 58 (1953). Thus in Caravella v. Caravella, 36 N.J. Super. 447 (App. Div. 1955), we, finding no statutory basis, held that the court was not invested with jurisdiction over the support of a wife where she and her husband are living apart by mutual consent.
On the other hand, if the statute does furnish some indication of a legislative intention to clothe the court with jurisdiction, an endeavor will be made to effectuate that intention even though the statute may not be free from doubt. Cf. Lasasso v. Lasasso, 1 N.J. 324, 328 (1949) (followed in Bonanno v. Bonanno, 4 N.J. 268, 273 (1950)), holding that certain general statutory language conferred upon the court jurisdiction with respect to the support of the wife or children whether or not they are or will be public charges.
The statute we are concerned with, N.J.S. 2A:4-18(e), is, in substance, a codification of L. 1950, c. 337, § 1(e); and, it is important to note, the latter statute was apparently enacted because of De Sena v. De Sena, 4 N.J. Super. 379 (App. Div. 1949). In De Sena, as the opinion notes, the husband and wife were on October 28, 1948 residing together "`in the same common household'" (note the similarity to the words "in the same household" found in *116 N.J.S. 2A:4-18(e)). The juvenile and domestic relations court ordered the husband to pay $37.50 per week for the family, an increase of $7.50 a week beyond that which he was paying. But the order so far as it was made effective on or after October 28, 1948 (when the parties started to reside together) was "reversed and set aside, by reason of the parties living together." (Italics added.) This statement of reasons might possibly have conveyed to the Legislature the idea that all that was called for in order to secure relief in De Sena was to make the statute expressly applicable to a case where a husband and wife live in the same household.
In any event, it is quite apparent that the draftsman of L. 1950, c. 337, § 1(e) had before him De Sena and also Frank v. Juvenile, etc., Court of Essex County, 137 N.J.L. 364 (Sup. Ct. 1948). As stated, De Sena led to the clause now found in N.J.S. 2A:4-18(e). Frank on the other hand led to the clause (also forming a part of L. 1950, c. 337, § 1(e)) now found in N.J.S. 2A:4-18(f). Plainly the Legislature in clause (f) enlarged the court's power so as to supersede Frank  that is, it authorized a proceeding for support where a husband or father forces his wife or child to leave the home because of his cruel and inhuman conduct. Was there likewise an enlargement of the court's jurisdiction in clause (e) so as to supersede De Sena and thus to enable the court in such a case to give relief to the wife? The parallel between Frank and clause (f) somewhat buttresses the argument that a like parallel exists between De Sena and clause (e). Of course, if clause (e) was designed to give the court jurisdiction in a case such as De Sena, then the order below must be affirmed.
There is one other possibility here, deserving of serious consideration. The draftsman of clause (e), after reading De Sena, may have been of the view that a juvenile and domestic relations court had jurisdiction with respect to any "actual abandonment or desertion" on the part of the husband (see the words of Frank quoted in De Sena), but not as to a desertion arising because of his denial of sexual *117 intercourse or perhaps because of some other drastic severance of cohabitation on his part while the parties continued to live under one roof. Rector v. Rector, 78 N.J. Eq. 386, 407 (Ch. 1911); see cases cited in Crowell v. Crowell, 33 N.J. Super. 272, 274 (App. Div. 1954). (So far as the facts of De Sena are disclosed in the reported opinion, De Sena was not a case of this sort.) On this basis it might be said that the aim of clause (e) is to use the term desertion as it is used in the divorce law and to give the court jurisdiction merely to award support in the situations stated, which, it seems obvious, are comparatively unusual.
We are inclined to think that this was not the legislative purpose. For we are persuaded by the view, already stated, that the Legislature probably sought through the clauses, now found in N.J.S. 2A:4-18(e) and (f), to give the court jurisdiction to grant relief that had been refused in De Sena and Frank. Cf. Miller v. Miller, 13 N.J. 555, 559 (1953). It is our conclusion therefore that if there is a willful failure to provide food, the court may award relief under clause (e).
We are fortified in this conclusion by considerations of policy. There should, we think, be legal machinery for furnishing a wife with support, without requiring as a condition precedent such a disintegration of the marital relation that the parties have separated. Furthermore, redress in such a case is properly intrusted to a court, such as a juvenile and domestic relations court, which was designed, not so much to dispose of controversies inter partes, as to serve society's interest in the parties' welfare  in this case, to preserve the family. Further see the Report of the New Jersey Supreme Court's Committee on the Juvenile and Domestic Relations Court, 28, 29 (1956).
That court has jurisdiction under the Uniform Desertion and Nonsupport Act to award relief in case of a husband's willful failure to support his wife, even though he has not deserted her; it matters not that she, with her own efforts or outside help, could sustain herself. N.J.S.A. 2A:100-2; N.J.S. 2A:4-18c; State on Complaint of *118 Bruneel v. Bruneel, 14 N.J. 53, 57, 61 (1953); State v. Savastini, 14 N.J. 507 (1954). But a complaint made to that court under the act stated has a criminal aspect (assuming that the attempt to give this court summary jurisdiction over that aspect of the act is valid; see Savastini, at page 518). See State v. Greenberg, 16 N.J. 568, 572 (1954). That being so, it would seem not at all inappropriate for the Legislature to have given to the court under N.J.S. 2A:4-18(e) a like power in a purely civil proceeding, where the wife is living with her husband. It should be observed that in the present case neither the court nor the parties seem to have had the slightest notion that they were invoking the Uniform Act, and we certainly should not take it upon ourselves to say that they were, particularly in view of this coercive criminal aspect of the act.
It may be well to add, though it seems fairly obvious, that a finding of desertion by a juvenile and domestic relations court under N.J.S. 2A:4-18(e), as we construe it, will not be determinative of the matter of desertion in a divorce action. And it might also be noted that we are not passing on the question whether relief, in such a case as that presented here, could be afforded in the Superior Court, Chancery Division, under N.J.S. 2A:34-24. See Anshutz v. Anshutz, 16 N.J. Eq. 162, 164 (Ch. 1863); but cf. Margarum v. Margarum, 57 N.J. Eq. 249, 250 (Ch. 1898); cf. Rodie v. Rodie, 138 N.J. Eq. 470, 471 (E. & A. 1946).
Affirmed.