14 N.J. Super. 176 (1951)
81 A.2d 506
LOIS V. MORROW, ETC., PLAINTIFF-RESPONDENT,
v.
METEOR AIR TRANSPORT, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1951.
Decided May 23, 1951.
*178 Before Judges EASTWOOD, BIGELOW and SCHETTINO.
Mr. Arthur F. Mead argued the cause for the appellant (Messrs. Cox & Walburg, attorneys).
Mr. George F. Losche argued the cause for the respondent (Mr. Albert O. Scafuro, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
The appeal in this case is utterly without merit. The unquestioned facts are these: Gus F. Morrow was killed November 19, 1949, in an accident arising out of and in the course of his employment with the defendant. He had married in 1947 a divorced woman who had one child, Ronald, by her prior husband. The father of the child is still living. Morrow was survived by his widow and by his widow's son, who was seven years old at the time of his death. Both of them were a part of decedent's household and were supported by him. It is not alleged that the child had any estate of his own. The Workmen's Compensation Division computed compensation at 40% of wages, based *179 on two dependents. R.S. 34:15-13, as amended P.L. 1945, c. 74, § 6. Appellant says that the child Ronald should not have been considered a dependent and hence only 35% of wages should have been allowed, the percentage in case of one dependent.
The statute specifies stepchildren among those who may be included as dependents. Counsel argues that an infant is not the stepchild of the husband of the mother so long as her divorced first husband is living. Such a distinction has no support in common usage or elsewhere. The child was Morrow's stepson.
Counsel also argues that the infant was not a dependent of deceased since the child's father is living and is, under the statutes of New Jersey, liable for his support. Dependency is a question of fact. A dependent is one who, at the time of the accident, is being supported by the decedent. The mere legal right which the former may have to compel a third person to furnish support, does not preclude a finding that he is dependent upon decedent. Conners v. Public Service Elec. Co., 89 N.J.L. 99 (Sup. Ct. 1916); Wilken v. Shein's Express, 131 N.J.L. 450 (Sup. Ct. 1944); Driscoll v. Jewell Belting Co., 114 A. 109 (Conn. 1921).
We may add that in the case before us, the child's father is resident in Texas and not amenable to the law of New Jersey relative to the support of children. What the law of Texas on that subject may be, is not disclosed to us, but presumably the Texas statutes are not the same as ours. There is no evidence that the father has financial capacity to support the child. Again, there is no doubt that Morrow, the decedent, stood in loco parentis to the child, as that relation is defined in our reports, and that he was under a duty to support the child. Brinkerhoff v. Merselis, 24 N.J.L. 680 (Sup. Ct. 1855); Mott v. Iossa, 119 N.J. Eq. 185 (Ch. 1935). And see 67 C.J.S., Parent and Child, § 73(b), p. 806.
The determination of the Division is affirmed with costs.