MINNIE MINTER, PETITIONER-APPELLANT, v. BENDIX AVIATION CORPORATION, RESPONDENT-RESPONDENT.

MARILYN SANDERSON MINTER, PETITIONER-RESPONDENT, v. BENDIX AVIATION CORPORATION AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, RESPONDENTS-APPELLANTS.

Argued March 11, 1957—Decided April 8, 1957.

*Mr. Michael G. Alenick* argued the cause for the appellant Minnie Minter (*Mr. Sanford Silver,* on the brief).

*Mr. Walter H. Jones* argued the cause for the respondents, Bendix Aviation Corporation and The Fidelity and Casualty Company of New York.

*Mr. Alexander Avidan* argued the cause for the respondent Marilyn Sanderson Minter (*Messrs. Avidan & Avidan,* attorneys).

The opinion of the court was delivered by

BURLING, J. This appeal stems from a judgment of the Bergen County Court which we have certified prior to a review by the Superior Court, Appellate Division. Within its narrowest confines the case presents a question of fraud in a limited sense, *i. e.,* withholding information concerning a prior marriage of the decedent in a proceeding to secure death benefits under the Workmen's Compensation Law. We must, however, take a broader view of the proceeding in order to impel a final determination of the primal meritorious question, namely, whether one claim can support two awards.

Various aspects of the controversy have been in litigation for 6½ years. The observation is hardly a tribute to our collective endeavor to reach substantial justice through an immediate channel. Our rules provide ample opportunity for appellate courts to exercise a superintending control over litigation which has an occasional tendency to spread itself thin over an undue length of time and provokes an unnecessary usurpation of judicial manpower with its accompanying expense to litigants. Prompt penetrating adjudication by removing the feigned veils requires the cooperation of litigants and of hearers at the trial level. Satisfaction may be taken in the fact that similar cumbersome strategic adjective situations as exist in this case are the rare exception rather than the rule.

Wallace Minter, an employee of respondent Bendix Aviation Corporation, was killed in 1951. There is no dispute that the accident causing his death arose out of and in the course of his employment.

Several months later his alleged widow, Minnie Minter, filed a claim for dependency death benefits with the Workmen's Compensation Division. Bendix, in answer, denied that Minnie was Wallace's legal wife. An award was made which Bendix later conceded was justified upon the evidence before the Compensation Division, see *Minter v. Bendix Aviation Corp.*, 26 *N. J. Super.* 268, 274 (*App. Div.* 1953), although at the time of the hearing it had some reason to believe that Minnie was not the decedent's lawful wife. Bendix did not seek a postponement of the agency hearing to fully investigate and develop this issue and no appeal was taken from the award.

After Minnie obtained her award (April, 1952) Bendix applied to the Division for a new trial and for a stay of the judgment on the basis of newly discovered evidence. This was denied by the Division which was in turn affirmed by the Bergen County Court and the Superior Court, Appellate Division, *Minter v. Bendix Aviation Corp.*, 26 *N. J. Super.* 268 (1953). The latter decision was rendered on June 12, 1953, and the court noted that there was indeed another contender (Marilyn) for the award who had already filed her claim with the Compensation Division. (Marilyn's claim was filed in February, 1953. Bendix then sought a remand of the case which it had appealed to the Appellate Division in view of Marilyn's claim but this was denied and the noted decision was thereafter rendered.)

Bendix immediately filed an action of interpleader with the Superior Court, Chancery Division. The Chancery Division decided to withhold action on the interpleader pending the outcome of Marilyn's claim with the Compensation Division. A dismissal of the claim would moot the interpleader.

The hearing on Marilyn's claim took place on November 24, 1953. Bendix moved to dismiss her petition because of the previous award to Minnie, arguing that the Deputy Director lacked jurisdiction to proceed. (It would seem that at this point Bendix' motion should have included an application to open the judgment awarded to Minnie and

thereby a comprehensive hearing could have been had with all interested parties participating, *R. S.* 34:15–58.) Bendix expressed concern over the possibility of a double liability but the motion was denied by the Deputy Director who thought that Marilyn was entitled to be heard. She obtained an award on December 23, 1953, the Deputy Director concluding:

"That the said dependents, Marilyn Sanderson Minter, as widow, and Wallace Edward Minter, the infant child, were the legal and total dependents of the decedent at the time of his accidental death on August 4, 1951, within the meaning of the provisions of *R. S.* 34:15–13."

It is to be noted that Minnie was not a party and did not participate in this proceeding *nor did the Division take any steps to reopen her case* (*R. S.* 15:34–58) after the award to Marilyn, although the Deputy Director recognized the inequity of "a double award arising out of one accident." Following Marilyn's award the Chancery Division dismissed the interpleader action brought by Bendix on the ground that it constituted a collateral attack against Minnie's judgment.

Bendix, meanwhile, had appealed Marilyn's award to the Bergen County Court. That court immediately recognized what we consider to be the overriding consideration in this case. Judge O'Dea stated:

"Under the Workmen's Compensation law (*R. S.* 34:15–13), there can be only one wife or dependent widow of a decedent employee entitled to an award at the time of accident or death. No man may have two wives. An employer under the act should not be required to pay dual claims to two widows of the same employee under dual judgments, of one single tribunal. When such a situation appears by judicial or actual notice, the interests of justice require that both claimants be heard by the tribunal, on notice to the other, the employer and any others in interest, to determine the single lawful claimant."

The court recognized that the Division had broad power over the control of its judgments, *R. S.* 34:15–57, 58, *Estelle v. Board of Education of Borough of Red Bank,*

14 *N. J.* 256, 261 (1954), and stated that "where a manifest injustice would result from the entry of a second judgment in the same tribunal for the same cause of action * * * then the same tribunal which has entered and retains control over the first judgment should stay further proceedings in both matters before it until the rightful claimant has been determined between the two." The direction of the Bergen County Court was to stay both judgments pending further consolidated proceedings in the Compensation Division to determine the rightful claimant.

In view of the direction of the Bergen County Court (rendered July 27, 1954) the Superior Court, Appellate Division, refused to consider for the present an appeal which Bendix had taken from the dismissal of its interpleader action. The ultimate issue, after all, was the same, and absent an appeal from the judgment of the Bergen County Court which might upset the path of final disposition marked out by Judge O'Dea there was little reason to address attention to interpleader.

Minnie, however, did not agree that her judgment should be opened, at least at the direction of a court which allegedly had no control over it. She moved the Bergen County Court to vacate that portion of its order pertaining to her judgment. This motion was denied and Minnie pursued an appeal to the Superior Court, Appellate Division.

The Appellate Division reversed, concluding that there was no basis upon which the Bergen County Court could stay Minnie's judgment. Minnie's judgment had never been appealed nor was Minnie a party to Marilyn's cause. *Minter v. Minter,* 35 *N. J. Super.* 439 (*App. Div.* 1955). Judge Clapp was careful to note that the order of the Bergen County Court so far as remanding Marilyn's cause and staying her judgment was not affected by the reversal.

Inasmuch as Minnie had successfully attacked the order of the Bergen County Court the Appellate Division ordered argument upon the appeal which Bendix had previously taken from the dismissal of its action of interpleader in the Chancery Division. In the course of the oral argument

Bendix charged that Minnie, when filing her claim with the Workmen's Compensation Division, knew of Wallace's prior marriage to Marilyn and had reason to believe that the latter was his lawful wife, all of which allegedly worked a fraud upon the tribunal. The Appellate Division, while affirming the dismissal of the interpleader action, thought Bendix was entitled to a further proceeding in the Compensation Division "to open Minnie's judgment on the ground of her fraud on the Compensation Division." *Eclipse etc., Bendix Aviation Corp. v. Minter*, 35 *N. J. Super*. 430 (*App. Div.* 1955). Bendix, over a span of three years, had obtained additional evidence which gave a color of merit to the fraud charge.

A hearing was requested of the Compensation Division by Bendix. Its petition, in effect, asked that both claims be re-examined and the matter concluded. The two Deputy Directors who were familiar with the extended litigation presided at the hearing. In their opinion the sole question was "whether Minnie at the time of her hearing for compensation in 1952 knowingly, willfully and intentionally testified falsely and perpetrated a fraud on the Workmen's Compensation Division * * *." Family relatives were witnesses; Minnie testified; and the Deputy Directors concluded that Bendix had "wholly and completely failed to establish by clear and convincing proof that Minnie Minter at any time knowingly and willfully testified falsely or that she was guilty of any fraud or false representation, or that she at any time perpetrated any fraud upon the Workmen's Compensation Division in her claim petition for death benefit compensation." Minnie's judgment was not disturbed. The Deputy Directors also examined Marilyn's judgment, not only because of Bendix' request but also in view of Judge O'Dea's direction to do so which, as previously noted, had not been affected by the reversal of the Appellate Division, *Minter v. Minter, supra,* 35 *N. J. Super.,* at *page* 442. They concluded:

"We have not been presented with any proofs, nor have we been referred to any testimony in the prior records and proceedings, to

warrant any change or modification in the previous findings or in the prior judgment in favor of Marilyn Sanderson Minter."

The Compensation Division, which had previously recognized the ultimate issue of double liability, was here confronted with antagonistic judgments over which they had complete control, yet no action was taken to afford either claimant the opportunity to contest the merits of the respective awards.

Bendix appealed the determination to the Bergen County Court. Judge Schneider reviewed the testimonial record on the fraud issue. The court thought there was sufficient proof to show that Minnie had knowledge of Wallace's prior marriage. Having denied this she was guilty of fraud. Further, the court stated, completely aside from the question of fraud, both claims could not stand. Only one of the two contestants could claim the widow's dependency benefits, and the court determined that Marilyn was the rightful claimant. Minnie's judgment was reversed; Marilyn's affirmed and Bendix was ordered to pay dependency death benefits to the latter and her infant son.

The instant appeal is taken from that portion of the judgment of the Bergen County Court which affects Minnie. Bendix filed a cross-appeal to the entire judgment "to make certain that the entire matter comes before the Appellate Court for complete and final disposition."

The fraud issue has necessitated a study of the testimonial record made before the Compensation Division. Two members of the decedent's family were produced by Bendix. One of them indicated that Minnie, upon a family visit to her some years ago, indicated an awareness of decedent's prior marriage. The other witness was not helpful on the issue. An affidavit (hearsay) of decedent's sister was submitted to show Minnie's knowledge. This evidence was far from convincing that Minnie knowingly or willfully testified falsely upon her prior hearing. From our study of the record it appears that she was a victim of circumstances which were created by the fraud of the decedent. An employee of Bendix who informed Minnie of the accident and death testified that Minnie acknowledged the existence

of a prior marriage. Minnie denied these things, as did her sister. The Deputy Directors who heard the witnesses were categorical in their conclusion that Minnie did not knowingly give false testimony. They were completely persuaded of her truthfulness and credibility.

 Certainly if Minnie had such knowledge (and we are not persuaded that she did) she was bound to disclose it to the Compensation Division; but Bendix was under no less an obligation. It had disputed in answer to Minnie's claim petition that she was the legal wife of the decedent but then failed to develop its case on this point until it appeared that two awards might be entered upon the same claim. Having taken issue Bendix was obliged to substantiate its denial with due diligence or at the very least to seek a continuance for that purpose. It failed to do so.

 Bendix asks us to sustain the judgment of the Bergen County Court upon the grounds of "public policy," but we cannot dilute the principles of *Shammas v. Shammas,* 9 *N. J.* 321 (1952) to accommodate the overriding consideration in this case of double liability. In *Shammas* we said:

"All perjury is an affront to the dignity of the court and to the integrity of the judicial process, but the law is not without other effective means to punish the perpetrator of the crime. *Cf. Swanson v. Swanson,* 8 *N. J.* 169 (1951). Perjured testimony that warrants disturbance of a final judgment must be shown by clear, convincing and satisfactory evidence to have been, not false merely, but to have been willfully and purposely falsely given, and to have been material to the issue tried and not merely cumulative but probably to have controlled the result. Further, a party seeking to be relieved from the judgment must show that the fact of the falsity of the testimony could not have been discovered by reasonable diligence in time to offset it at the trial or that for other good reason the failure to use diligence is in all the circumstances not a bar to relief."

 This brings us to the principal and determinative proposition; the dependency death benefit claim accorded a widow by statute can support but one award. There cannot be a double recovery upon the single claim. *Industrial Commission of Ohio v. Dell,* 104 *Ohio St.* 389, 135 *N. E.* 669, 34 *A. L. R.* 422 (*Sup. Ct.* 1922). The Compen-

sation Division has opened awards in the past to accommodate this overriding equity. See *Shuler v. Eastern Foundry,* 34 *N. J. Super.* 216 (*Cty. Ct.* 1955). There is no sufficient legal basis for refusing to do so here. This is not a case where a dependent (Marilyn), having knowledge of her rights, failed to diligently pursue her claim. *Brklacic v. Industrial Commission,* 63 *Utah* 582, 227 *P.* 1036 (*Sup. Ct.* 1924). Her claim was timely filed. *R. S.* 34:15–51. For this reason it is proper that we should vacate both awards, *R. R.* 4:62–2(*f*), and direct a hearing to determine the rightful claimant.

To accomplish an effective disposition of the two claim petitions there should be a single and consolidated hearing. To place the claimants' standing beyond doubt, each should be admitted as an adversary party to the other's claim petition and appropriate answers should be filed by them, with resulting determinations to be made as to each claim petition. The issue requiring exploration is to determine which person is the rightful claimant. Proof of the remaining elements necessary to recovery may be obviated by stipulation as they seem not to be in dispute.

Counsel for Minnie Minter requests a direction to the Bergen County Court to allow a reasonable fee for services rendered in the interpleader proceedings in the Chancery Division and the appeal by Bendix to the Appellate Division, as well as an additional interpleader (which we have not previously mentioned for it was not pursued) filed by Bendix in the federal district court. *R. R.* 5:2–5(*f*) permits an allowance to the prevailing party for services rendered "in the county court, the Appellate Division of the Superior Court, and the Supreme Court." This request is inherently fair. Minnie has prevailed upon the initial issue of fraud in the instant proceeding and the interpleader action instituted by Bendix was intimately related with that issue for it was there that the employer charged fraud and succeeded in obtaining a hearing upon that contention. Although the rule literally does not encompass services rendered in the Chancery Division of the Superior Court, its fundamental

purpose to alleviate the financial burden of injured workers or their dependents in prosecuting compensation claims by competent counsel applies to this case. The brief foray in the federal district court may be disregarded for there the petition of interpleader was dismissed by the consent of all parties.

For the reasons heretofore expressed the following disposition is directed:

1. The *entire* judgment of the Bergen County Court (which has been brought before this court by the appeal and the cross-appeal) is set aside. The two death benefit awards entered by the Compensation Division are vacated as well as the award in the Division of counsel fees.

2. The cause will be remanded to the Bergen County Court for the entry of judgment affirming the judgment of the Workmen's Compensation Division so far as it deals with the alleged fraud of Minnie Minter and for an award of counsel fees to counsel and costs for Minnie Minter for services rendered upon the prior interpleader action in the Superior Court, Chancery Division, and the appeal therefrom to the Superior Court, Appellate Division, and for the appeal in the instant proceeding to the Bergen County Court and this court, such fee to be determined after hearing.

3. Thereafter, the Workmen's Compensation Division is directed to conduct a consolidated hearing upon the two claim petitions and to admit each claimant as an adversary to the other's claim petition and permit appropriate answers to be filed by them, and thereafter to make individual determinations as to each claim petition.

Costs on the instant appeal will be taxed against the respondent Bendix Aviation Corporation.

The mandate will issue in accordance with the above direction.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, BURLING, JACOBS and WEINTRAUB—5.

*For affirmance*—None.