97 N.J. Super. 289 (1967)
235 A.2d 42
DORIS WEINBERG, PETITIONER-APPELLEE,
v.
TODD SHIPYARDS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1967.
Decided October 30, 1967.
*291 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. James A. Robottom argued the cause for respondent-appellant (Messrs. Haskins, Robottom & Hack, attorneys).
Mr. Alexander J. Menza argued the cause for petitioner-appellee.
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Petitioner Doris Weinberg and Louis Weinberg lived together as husband and wife from the date of their ceremonial marriage August 18, 1960 until Louis' death on June 25, 1964. With them at their residence in Brooklyn, New York, lived Doris' daughter by a former marriage, Ivy Tannenbaum, who was nine years of age when Louis died.
It is conceded that Louis died as the result of an accident arising out of and during the course of his employment with respondent Todd Shipyards.
In its amended answer to the petition for dependency benefits, N.J.S.A. 34:15-13, filed in the Division of Workmen's Compensation (Division) by Doris as widow and on Ivy's behalf as a dependent, the respondent employer asked that the Division
"instruct, by way of judgment, to whom the dependency benefits should be paid, if any,"
alleging that:
"The respondent believes, based on information obtained, that Shirley Kaplan was the former wife of decedent who was divorced by a decree issued through the Mexican Courts; that during the period of their marriage 2 children were born, namely Cheryl Weinberg *292 Rosen and P. Weinberg Zipper. Subsequently, decedent married Doris Tannenbaum who was divorced by a decree of the State of Alabama, County of Marion, from Sheldon Tannenbaum, Feb. 3, 1960 and Ivy Tannenbaum is the daughter of Doris Tannenbaum by that marriage. Respondent has been notified that all of the aforementioned parties claim a dependency relationship to decedent for benefits under the Workmen's Compensation Act of New Jersey."
In fact, however, the proofs establish that neither Mrs. Shirley Kaplan, Louis' former wife, nor the two children of his marriage to Shirley have made a claim for dependency benefits. When Louis died, both of the children were married, one was 27 years old, the other 20.
Louis Weinberg and his former wife, Shirley, had been separated for a "long time" when she travelled to Mexico and on July 21, 1959 obtained an ex parte divorce from Louis. Shirley then married one Irving Kaplan and they live together in Brooklyn. Mrs. Kaplan testified that Mr. Kaplan's business "provided the support" for both of them.
The proofs dissipated the employer's pleaded fear that it faced conflicting claims by two persons, each claiming to be the widow of Louis Weinberg. Cf. Minter v. Bendix Aviation Corp., 24 N.J. 128 (1957). Nevertheless, the employer pressed its claim that Doris is not entitled to dependency benefits as Louis' widow because allegedly neither Louis nor she was free to marry on August 18, 1960. In addition to attacking the validity of Shirley's Mexican divorce, the employer attacked the validity of Doris' decree of divorce from her former husband, Sheldon Tannenbaum, entered in Alabama on February 3, 1960 in a proceeding in which Sheldon appeared and submitted to the jurisdiction of the Alabama court. The attack on the Alabama divorce is not repeated in this court, apparently in recognition that, on its face, the Alabama divorce decree appears to be entitled to full faith and credit.
Both the Division and, on appeal, the County Court, in deciding in Doris' favor, ruled that the employer Todd Shipyards had failed to overcome the strong presumption in favor of the validity of her ceremonial marriage to Louis. *293 See Booker v. James Spence Iron Foundry, 80 N.J. Super. 68 (App. Div. 1963).
We agree with that ruling and affirm it essentially for the reasons given in the opinion filed by Judge Cozzi in the County Court. Further, we hold that under the circumstances revealed by the record in this case, the employer does not have standing to attack the validity of either the Mexican or the Alabama divorce decrees. See generally, 24 Am. Jur.2d, Divorce & Separation, § 485, p. 610 (1966); Annotation, Divorce decree  Attack by strangers, 12 A.L.R.2d 717 (1950).
We have noted that this is not a case where the employer is faced with conflicting claims by two alleged widows. Cf. Minter v. Bendix Aviation Corp., supra. All the individuals involved were and are New York residents. Louis Weinberg is dead. Neither Shirley Kaplan, his former wife, nor Irving Kaplan her present husband, nor Sheldon Tannenbaum, Doris' former husband, the individuals directly affected by the divorce decrees, challenges the validity of either divorce.
Further, were Shirley to attempt to assert a claim that she is Louis' widow, she would be estopped from attacking the validity of the Mexican divorce which she obtained and on the basis of which she remarried. Woodhouse v. Woodhouse, 11 N.J. 225, 229 (1953); see also, Schlemm v. Schlemm, 31 N.J. 557, 572 (1960); Annotation, Divorce  Decree of foreign country, 13 A.L.R.3d 1419, 1452 (1967). We find no reason to grant the employer a right which Shirley, the only other possible claimant, does not have.
The Division not only awarded Doris statutory benefits as decedent's widow but also awarded partial dependency benefits of 75¢ per week to her child, Ivy Tannenbaum, who lived with decedent and Doris. In view of our affirmance of the ruling that Doris was Louis' widow, we find no merit in the employer's challenge of the partial dependency award to Ivy. She was a stepchild of decedent within the meaning of that term as used in N.J.S.A. 34:15-13; it is immaterial *294 that her natural father is living. Morrow v. Meteor Air Transport, Inc., 14 N.J. Super. 176, 179 (App. Div. 1951). The record is sufficient to sustain the finding of partial dependency. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965). That finding is not foreclosed by the fact that most of Ivy's support comes from payments made by her natural father. See Ricciardi v. Damar Products Co., 45 N.J. 54 (1965).
The judgment is affirmed.