109 N.J. Super. 5 (1970)
262 A.2d 43
GERALDINE COMPTON, PLAINTIFF-RESPONDENT,
v.
CHARLES COMPTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1970.
Decided January 22, 1970.
*6 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Gordon C. Strauss argued the cause for appellant (Messrs. McCarthy, Bacsik, Hicks & Dix, attorneys).
Mr. William V. Kolshorn, Jr. argued the cause for respondent.
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant husband appeals from a judgment entered in the Juvenile and Domestic Relations Court which mandated him to pay weekly support and maintenance to plaintiff, his wife.
[Review of the facts omitted for purposes of publication.]
On March 25, 1969 she filed her complaint in the Juvenile and Domestic Relations Court seeking support and maintenance pursuant to N.J.S.A. 2A:4-18(f). Following a hearing the court entered an order dated April 25, 1969 directing defendant to pay the sum of $20 per week for the *7 support and maintenance of his wife and additionally to pay "extraordinary medical and dental expenses." Originally, defendant appealed from the whole of that judgment. However, at oral argument, counsel for both parties agreed that plaintiff's child has been born and the original order has been modified by an order dated October 31, 1969. The latter requires defendant to pay $15 per week for the support and maintenance of his wife, $10 per week for the child and "extraordinary medical and dental expenses." We were advised by defendant that he has abandoned his appeal from the order of April 25, 1969, and is presently appealing only from that portion of the October 31, 1969 order which provides for support payments to his wife. Plaintiff consents to this change.
Defendant contends that the trial court erred in ordering support payments to the wife because she did not prove that she left the marital premises because of defendant's "cruel and inhuman conduct." He argues that the words "cruel and inhuman conduct," as used in N.J.S.A. 2A:4-18(f), are to be construed to be synonymous with the extreme cruelty necessary to be established as a ground for divorce (N.J.S.A. 2A:34-2(c)) or for a judgment of separate maintenance based upon a husband's constructive abandonment (N.J.S.A. 2A:34-24).
N.J.S.A. 2A:4-18, in its pertinent parts, provides as follows:
The juvenile and domestic relations court shall also have jurisdiction concurrently with such other courts as may have jurisdiction over the matter, to hear and determine in a summary manner disputes and complaints:

* * * * * * * *
e. Involving the domestic relation, where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family.
f. Involving the domestic relation, where a husband or father forces his wife or child to leave the home because of his cruel and inhuman conduct, in which case the court may provide by appropriate order for their support and maintenance.
*8 The Juvenile and Domestic Relations Court is a statutory court whose jurisdiction is strictly limited to the subject matter set forth in the statute. Amadeo v. Amadeo, 64 N.J. 417, 422 (App. Div. 1960). The court
is designed, in the interest of public policy, to provide a tribunal able expeditiously to assure adequate support for a wife and child to avert the need for their public maintenance. It deals with the financial aspects of the matrimonial relationship where the husband is the deserter. For the litigation of grievances beyond non-support by a deserting husband, the parties must resort or be relegated to other courts of competent jurisdiction. [Tracey v. Tracey, 69 N.J. Super. 382, 388 (App. Div. 1961)]
In Tracey the court stated:
The interpretation given the word "deserts" when applied to a husband under N.J.S.A. 2A:4-18(e), differs from the meaning of the same word when applied to a husband or wife in the divorce law. N.J.S.A. 2A:34-2. * * * A finding of desertion against the husband in a nonsupport proceeding is not determinative of the matter of desertion in a subsequent divorce action. [at 388-389]
By a similar analysis we conclude that the interpretation to be given the words "cruel and inhuman" when applied to a husband under N.J.S.A. 2A:4-18(f) is different from the meaning given to the words "extreme cruelty" when applied to a husband under divorce law (N.J.S.A. 2A:34-2(c)), or in an action for separate maintenance based upon a constructive abandonment (N.J.S.A. 2A:34-24). In the summary proceeding under the support statute, the wife need not establish the cruel and inhuman conduct of the husband to such a degree and with such specificity as is required in the aforementioned actions for divorce or separate maintenance. In the summary proceeding she need only show that she left her husband for a justifiable cause, and therefore his failure to support her would be considered a desertion on his part. Amadeo v. Amadeo, supra, at 422.
Here, the wife testified that at a time when she was pregnant defendant, among other things, hit her and put *9 pillows over her head. We find that the totality of defendant's conduct amounted to "cruel and inhuman" treatment which justified the wife leaving the marital abode. Thus, we conclude that plaintiff was obligated to continue to support his wife and the support order now under attack was properly entered.
Judgment affirmed.